424

## CIRCUIT COURT OF FAIRFAX COUNTY

Wells Fargo
Home Mortgage, Inc.

v.

Norma Bracamonte
and Carlos Bracamonte,
an infant

November 18, 2003

Case No. (Chancery) 181862

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court for trial on the merits pursuant to Complainant's Bill of Complaint requesting reformation of a deed. The Complainant filed a trial brief, and evidence was presented on November 5, 2003. At the close of trial, the Court took this matter under advisement. The Court now has considered the brief submitted as well as the oral arguments of both parties and, for the reasons set forth below, the Court finds in favor of the Defendant Carlos Bracamonte.

*Facts*

Complainant Wells Fargo Home Mortgage, Inc., is a mortgage company that holds a Deed of Trust on real property located at 4903 Americana Drive, Annandale, Virginia 22003. Defendants are Norma Bracamonte and her infant son, Carlos Bracamonte. In August 2000, Ms. Bracamonte executed a sales contract with the U.S. Department of Housing and Urban Development ("HUD") to purchase said property. In order to secure the property, Ms. Bracamonte received a mortgage loan through Briner, Incorporated. This Deed of Trust was subsequently assigned to the Complainant, Wells Fargo.

The Complainant became aware that the Deed executed in connection with the property transferred ownership from HUD to Norma Bracamonte,

Carlos Bracamonte, and Felix Estarado as tenants in common. Mr. Estarado subsequently transferred his 1/3 interest in the property to Ms. Bracamonte via a quitclaim deed. The Complainant asserts that Ms. Bracamonte, as the person responsible for the mortgage payments, is the sole owner of the property. The Complainant believes that Mr. Bracamonte was erroneously deeded a 1/3 interest in the property and that the Court should reform this deed to correct the mistake.

## Analysis

The Complainant has requested that this Court reform the deed in question to indicate that Ms. Bracamonte is the sole owner. The Court finds that the Complainant has not met the burden of proof required to support reformation of the deed in issue.

A chancellor may reform a deed in two instances: (1) where there is a mutual mistake of fact such that the deed as written is contrary to the intention of both parties, or (2) where there is a unilateral mistake of fact coupled with fraud or other inequitable conduct. *Larchmont Properties, Inc. v. Cooperman*, 195 Va. 784, 790-91, 80 S.E.2d 733 (1954). To support reformation, the Complainant must prove, by clear and convincing evidence, that a mutual mistake occurred. *Gibbs v. Price*, 207 Va. 448, 450, 150 S.E.2d 551 (1966) (citations omitted).

The Court notes that the Complainant has not alleged or pleaded fraud in its Bill of Complaint; therefore, the only issue before the Court is whether or not a mutual mistake has occurred. Although there is some evidence showing that an error occurred in the chain of title, this Court finds that there is not clear and convincing evidence of a mutual mistake.

The evidence presented in favor of the Complainant includes the Uniform Residential Loan Application and the Quitclaim Deed of Correction. The Loan Application indicates that title to the property will be held in the name of Norma Bracamonte. The Quitclaim Deed indicates that the property was erroneously conveyed to Felix Estarado, Norma Bracamonte, and Carlos Bracamonte and that the property should have been conveyed to Norma Bracamonte only.

The evidence presented in favor of the Defendant includes the HUD Sales Contract, the Deed, and Ms. Bracamonte's testimony. The HUD Sales Contract indicates that title to the property will be held by Norma Bracamonte, Felix Estarado, and Carlos Bracamonte. The Deed, while inconsistent on its face, does state that all three persons are a party to the Deed and the actual conveyance is to "tenants in common." Finally, Ms. Bracamonte testified

before this Court that she intended Carlos Bracamonte to be named on the Deed. Ms. Bracamonte's testimony indicated that she intended for her other son to be named on the Deed as well.

The fact that Ms. Bracamonte signed all of the lending documents herself simply proves that she intended to pay for the property herself. The documents on their face do not prove that Ms. Bracamonte intended that title be vested in her alone. For a mutual mistake to exist, the Complainant "had the burden of establishing prima facie by clear and convincing evidence that the [parties] executed the deed as a result of mutual mistake of fact. . . ." *Ayers v. Mosby*, 256 Va. 228, 504 S.E.2d 845, 848 (1998). The Court finds that the Complainant did not meet that burden here.

## Conclusion

For the reasons stated above, this Court finds that the Complainant has not met the burden of proof necessary to support reformation of the Deed in question. This Court finds that the Defendant, Carlos Bracamonte, holds a one-third undivided interest in the Annandale property.